(Del. Rev.12/98)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

2007 SEP -4 PM 2: 37

STEPHANIE LYNN FORD PRO-SE

PLAINTIFF

(Name of Plaintiff or Plaintiffs)

CIVIL ACTION NO. ╒ 0 7 - 5 2 9 ╕

v.

CHRISTIANA CARE HEALTH SYSTEMS

DEFENDANT

(Name of Defendant or Defendants)

## COMPLAINT

1.  This action is brought pursuant to <u>CLASS ACTION LAWSUIT</u>
    (Federal statute on which action is based)
    for discrimination related to <u>RACE DISCRIM·/EMPLOYMENT DISCRIM·, CIVIL RIGHTS</u> jurisdiction exists by virtue of
    (In what area did discrimination occur? e.g. race, sex, religion)
    <u>CIVIL RIGHTS ACT FAIR LABOR STANDARDS ACT·)</u>
    (Federal statute on which jurisdiction is based) EMPLOYMENT RIGHTS ACT·

2.  Plaintiff resides at <u>19 ALBANY AVE. NEWCASTLE, DE.</u>
    (Street Address)
    <u>NEWCASTLE</u>                    <u>DELAWARE   19720</u>
    (City)          (County)          (State)      (Zip Code)
    <u>(302) 658-6740</u>
    (Area Code) (Phone Number)

3.  Defendant resides at, or its business is located at <u>200 HYGEIA DRIVE</u>
    (Street Address)
    <u>NEWARK,</u>                    <u>DELAWARE   19713</u>
    (City)          (County)          (State)      (Zip Code)

4.  The alleged discriminatory acts occurred on <u>28</u> , <u>10</u> , <u>2003 TO PRESENT</u>
                                                 (Day)   (Month)   (Year)

5.  The alleged discriminatory practice ☒ <u>is</u>   ☐ is not continuing.

6.    Plaintiff(s) filed charges with the _____ (COURT) UNITED STATES DISTRICT COURT
                                        (Agency)
JUDGES (KAJ) (MPT) – FEDERAL BUILDING 844 KING STREET WILMINGTON, DELAWARE 19801
      (Street Address)        (City)        (County)        (State) (Zip)

regarding defendant(s) alleged discriminatory conduct on: BETWEEN 4-28-03 TO PRESENT
                                                            (Date)

7.    Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8.    Was an appeal taken from the agency's decision?    Yes ☐    No ☐

      If yes, to whom was the appeal taken? _____

9.    The discriminatory acts alleged in this suit concern:  (Describe facts on additional sheets if necessary)

      I THE PLAINTIFF, STEPHANIE LYNN FORD AM

FILEING A CLASS ACTION LAWSUIT, AGAINST THE

DEFENDANT, CHRISTIANA CARE HEALTH SYSTEMS,

FOR CIVIL RIGHTS VIOLATIONS, RACE DISCRIMINATION,

EMPLOYMENT DISCRIMINATION. THE DEFENDANT REFUSE

TO REHIRE THE PLAINTIFF, AFTER, RETURNING FROM

(FMLA) LEAVE. THE PLAINTIFF, HAS WORKED FOR
CHRISTIANA CARE FOR 17 YEARS, AND HAD APPIED FOR

10.                    Defendant's conduct is discriminatory with respect to the following:

            A.    ☐    Plaintiff's race
            B.    ☐    Plaintiff's color
            C.    ☐    Plaintiff's sex
            D.    ☐    Plaintiff's religion
            E.    ☐    Plaintiff's national origin

- 29 JOBS AND (PLAINTIFF) WAS REFUSED EMPLOYMENT, AND
HAD PREVIOUSLY WORKED IN THE MEDICAL RECORDS
POSITION FOR 9 YEARS, AND WAS REFUSED THIS
POSITION AS WELL.

11.    Plaintiff prays for the following relief:    (Indicate the exact relief requested)

I THE PLAINTIFF, STEPHANIE LYNN FORD ASK

THIS HONORABLE COURT, TO GRANT RELEIVE AGAINST

THE DEFENDANT CHRISTIANA CARE HEALTH SYSTEMS

IN THE AMOUNT OF $1 MILLION DOLLARS FOR

PUNITIVE DAMAGES, PAIN AND SUFFERING, LOSS

WAGES, PENSION BENEFITS RETROACTIVE, RETIREE

BENEFITS RETROACTIVE, $75000 DOLLARS LIFE
INSURACE POLICY PAY OFF LOSS WAGES OF LONG
TERM DISABILITY BENEFITS, COURT COST AND ATTORNEY

I declare under penalty of perjury that the foregoing is true and correct.    FEES.

Dated: 9/4/07

Stephanie Lynn Ford PRO-SE
(Signature of Plaintiff)

6.    Plaintiff(s) filed charges with the _____ (COURT) UNITED STATES DISTRICT COURT
                                                    (Agency)                          WILMINGTON,
JUDGES (KAJ) (MPT) — FEDERAL BUILDING 844 KING STREET DELAWARE 19801
        (Street Address)      (City)      (County)    (State) (Zip)

regarding defendant(s) alleged discriminatory conduct on: BETWEEN 4-28-03 TO PRESENT
                                                                      (Date)

7.    Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8.    Was an appeal taken from the agency's decision?      Yes ☐      No ☐

      If yes, to whom was the appeal taken?_____

9.    The discriminatory acts alleged in this suit concern:  (Describe facts on additional sheets if necessary)

      I THE PLAINTIFF, STEPHANIE LYNN FORD AM

FILEING A CLASS ACTION LAWSUIT, AGAINST THE

DEFENDANT, CHRISTIANA CARE HEALTH SYSTEMS,

FOR CIVIL RIGHTS VIOLATIONS, RACE DISCRIMINATION,

EMPLOYMENT DISCRIMINATION. THE DEFENDANT REFUSE

TO REHIRE THE PLAINTIFF, AFTER, RETURNING FROM

(FMLA) LEAVE. THE PLAINTIFF, HAS WORKED FOR

CHRISTIANA CARE FOR 17 YEARS, AND HAD APPIED FOR

10.                   Defendant's conduct is discriminatory with respect to the following:
                A.    ☐    Plaintiff's race
                B.    ☐    Plaintiff's color
                C.    ☐    Plaintiff's sex
                D.    ☐    Plaintiff's religion
                E.    ☐    Plaintiff's national origin

- 29 JOBS AND (PLAINTIFF) WAS REFUSED EMPLOYMENT, AND
HAD PREVIOUSLY WORKED IN THE MEDICAL RECORDS
POSITION FOR 9 YEARS, AND WAS REFUSED THIS
POSITION AS WELL.

11.    Plaintiff prays for the following relief:    (Indicate the exact relief requested)

I THE PLAINTIFF, STEPHANIE LYNN FORD ASK

THIS HONORABLE COURT, TO GRANT RELEIVE AGAINST

THE DEFFNDANT CHRISTIANA CARE HEALTH SYSTEMS

IN THE AMOUNT OF $1 MILLION DOLLARS FOR

PUNITIVE DAMAGES, PAIN AND SUFFERING, LOSS

WAGES, PENSION BENEFITS RETROACTIVE, RETIREE

BENEFITS RETROACTIVE, $75000 DOLLARS LIFE
INSURACE POLICY PAYOFF LOSS WAGES OF LONG
TERM DISABILITY BENEFITS, COURT COST AND ATTORNEY

I declare under penalty of perjury that the foregoing is true and correct.        FEES.

Dated: 9/4/07

Stephanie Lynn Ford PRO-SE
(Signature of Plaintiff)

IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE LYNN FORD | ) |
| | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) JURY TRIAL |
| | ) |
| V. | ) |
| | ) |
| | ) |
| CHRISTIANA CARE HEALTH SYSTEMS | ) |

Defendant.

Plaintiff's Class Action Lawsuit, For Wrongful Termination, Race Discrimination, Refusal To Rehire For Employment, Civil Rights Violation, Wrongful Termination Of Pension Benefits, Retiree Benefits, Life Insurance , Long Term Disability Benefits, Medical Benefits, Against The Defendants Christiana Care Health Systems.

1. Plaintiff, Stephanie Lynn Ford resides at 19 Albany Ave. Newcastle, Delaware 19720.

2. Defendant, Christiana Care Health Systems resides at, or its business is located at 200 Hygeia, Drive Newark , Delaware 19713.

i the Plaintiff Stephanie Lynn Ford am filing this CLASS ACTION LAWSUIT against the Defendant Christiana Care Health Systems for $ 1 MILLION DOLLARS. I ASK THIS HONORABLE COURT TO GRANT THE PLAINTIFF A JURY TRIAL IN THIS CASE.

I the Plaintiff had been working for the Christiana Care Health Systems for 17 years, from August 24, 1987 To October 27, 2003.
On October 27, 2003 I was in a accident by a Hit & Run driver, my injuries are Cervical Thoracic Lumbosacral Strain . S/P R sided Rib Trauma , Bilateral Hamstring Strain , R shoulder Arm and Forearm Strain, R Upper Quadrant Lump, right Rib.

As a result, I the plaintiff Stephanie Lynn Ford was wrongfully removed from Christiana Care Health System's payroll. On April 5, 2004, I was released by Dr. ROSS UFBERG M.D. to return to work at Christiana Care Health Systems on April 12, 2004 , During the week of April 5, 2004, I called Mrs. Anthanita Warner / Employee Relations Assistant by via-telephone to inform her that I would be released from the doctor , and that I would be able to return to work on April 12, 2004. Mrs. Warner instructed me to go to the

Employee Health Nurse office to be cleared for work by their nurse, and set-up an appointment with her for a job placement with a job recruiter. On April 13,2004 I was cleared by the Christiana Care Health Systems Employee Health Nurse to return to work, and then went to Human Resources Department to be assigned to a job recruiter for job placement. Please see Employee Health Service Referral RTW DATED 4-13-04 . And after leaving , the Employee Health Nurse's office, I went upstairs to Mrs. Warner offices to be assigned a job recruiter, Consequently, Mrs. Warner was not available, so she had left the message with an (Hispanic female secretary) for me to call and make an appoitment with Mr. Richard Burton ,later that same day on April 13, 2004. I spoke with Mr. Burton and he set-up an appoitment with me for April 16. 2004 at 2:00 pm. When, I met with Mr. Burton April 16,2004 he instructed me to go on-line for employment and that my old clerk03 job in the radiology Department has been filled.

On April 23, 2004, I called Mr. Burton via -telephone in reference to a job placement and he DIRECTLY TOLD ME TO QUOTE ' FIND OTHER EMPLOYMENT AT ANOTHER CORPORATION '

I the Plaintiff called Mr. Burton on April 27. 2004 at 9:30 am . There was no return phone call or responses. Again, I called Mr. Burton on April 30, 2004, no return phone call or response.

While, meeting with Mr. Burton in his office on April 16, 2004 he had in his hand the listing paperwork of the clerk positions that were open and available. But he insisted that I go outside his office on the computer and apply for a job online. In fact. he walked me to the computer and helped me get on the jobs website.

On May 11, 2004 Mr. Richard Burton selected another candidate for the ClerkVI FT 80 D position in 15945 Preoperative Eval/Prep Christiana Hospital. I have enclosed a copy for the Courts records.

On May 14, 2004 Mr. Richard Burton selected another candidate for the Unit Clerk VI position 28575 Christiana Heart Center Unit , I have enclosed a copy of the letter for the Courts records.

On May 27, 2004  Mrs. Gretchen Kaufmen selected another candidate for the Unit Clerk VI position. I have enclosed a copy of the letter for the Courts records.

On Ma 28, 2004 I applied for the Health Records position, the previous job, I had worked in for 9 years as a Medical Records Clerk 03 from year 1994 To 2002. I called Mrs. Clara Clark the Health Records supervisor about the health records open position, and I explained to her my situation about the hit & run accident and that I was out of work and that I wanted to work,. Consequently, she refused me the position, the position that I had already worked in for 9 years.

The Defendant Christiana Care Health Systems, Richard Burton, Clara Clark, Anthanita

Warner, Sharon Pietlock, and Elizabeth all successfully corruptly conspired against me, to not rehire or ever returning me back to work at Christiana Care Health Systems. They all have played a part in refusing me employment, They all have interfere and restrained me of all my rights under the FMLA BENEFITS . They have (SHRUNK ) and cut-off my Pension Benefits, Retiree Medical Benefits, They have Wrongfully removed me from Christiana Care Health Systems Payroll, They have Wrongfully Terminated my Medical Benefits, They have Wrongfully Terminated kept the money that I have paid into the $ 75,000 Life Insurance policy , They have Wrongfully Terminated the Life Insurance Policy, Wrongfully Denied And Terminated The Long Term Disability Benefits.

There have been many of Christiana Care Health Systems employees that have used the FMLA 24 week sick leave benefit, that Christiana Care offers to there employees, I have also seen many employees who have used the FMLA SICK LEAVE and be out of work for even longer than 24 weeks, and were able to return to either the same job they left from or be placed in another job of equal pay by al job recruiter without loosening any of there employment benefits, or be removed from the payroll.

Among , the 29 jobs that I had applied for at Christiana Care I have the qualifications and the skills to do on all of the jobs I had applied for. Why wouldn't I be the most qualified candidate for job # 10 Health Records Clerk Position? When, I have worked in this particular job position for 9 years. The reason , the job # 10 Health Records Clerk position became open and available is because, I had bidded out of this position in the year of 2002, At that time, refuse to allow me to go back on the 11 to 7 shift, its original shift hours, that I had requested from her. When , Clara Clark refused to allow me to go back on midnight shift. I began to start bidding out of the department for day shit jobs. I went out on one job interview prior to the accident in the year of 2002 , While , working in Job # 10 Health Records Department . I had and interview in the Wilmington Hospital Admitting Department, I felt the interview went very well . I had the experience and the qualifications for the job .

A week later, I called the Admitting supervisor to ask her if she had made her decision on the admitting open position, and if I was not selected for the position, what did I needed to do to improve on for the next job interview. The supervisor (which I can't remember her name at this time) out right , told me that she would have considered me for the job but quote" SHE WAS TOLD THAT I HAD A BAD ATTITUDE, AND THE JOB WAS GIVEN TO ANOTHER EMPLOYEE " end quote. I thanked her for taking the time for giving me an interview. I was so distraught, upset, outraged and ever so humiliated. I was so upset, I needed to talk to someone, Other employees advised me to go talk to someone in the Crisis Unit for help. I called the Crisis Unit on the second floor, and met with a gentlemen ( I can't remember his name at this time ) also, I met with Mr. Larry Brison in the Human Resources Department about these untrue statements, that is being about me , that is hindering me from being able to post out for other positions.

Mr. Larry Brison set-up a meeting with the Administrative Staff of the # 10 Health Records staff and suggested to them that they should help and prepare all of they

employment staff, interviewing and job seeking technique. After, that point I applied for the position in the Radiology Department under the supervision of Mrs. Sharon Pietlock and Mrs. Elizabeth Crews, I was selected for this position as a X-ray Clerk 03, and worked in this position from the year of 2002 to October 27, 2003 until the day of the Hit & Run Accident.

From the day, I went to Mr. Larry Brison in the Human Resources for help about the Administrative staff in Health Records department, about their conduct on restraining me posting out to other job position, there have been BLACKBALLING ME EVERY SINCE. They did (do) not care at what length. When, I went out on SICK-LEAVE THIS WAS THEIR PERFECT OPPORTUNITY TO TERMINATED MY SERVICE, REMOVE ME FROM THE PAYROLL AND TERMINATE ALL MY BENEFITS. One would say, Why would I would want to go back to # 10 Health Records Position? Because. I need a job and I want to work. I have 17 years of service with Christiana Care Health Systems, my job is my lively hood, along with having worked in the # 10 Health Records Department for 9 years and being qualified to do the job. Consequently, the employee that was selected for job # 10 Health Records position before I went on to x-ray department, did not worked out in that department that's why job # 10 position, became open and available on may 28, 2004. The administrative in the job #10 made sure. I repeat made sure. That I was not given the opportunity to be selected for the job # 10 Health Records,

until I was removed from the payroll on April 13, 2004. They concluded, that the job # 10 Health Records Clerk Position was awarded to candidate more qualified than Plaintiff, as stated in the accordance with the Court's June 29, 2007 Order directing the Defendants to respond in the form of an interrogatory response to Request No. 7 set forth in Plaintiff Stephanie Lynn Ford Second Motion for Extension of Discovery Cut-Off Deadline ( Docket No. 70) Please see enclosed Defendants Response To Request No. 7 Set Forth In Plaintiff's Second Motion For Extension of Discovery Cut-off Deadline.

In the 17 years that I have been working at Christiana Care Health Systems, I have never encounter these disturbing issues and problems. There has been many employee (s) go out on FMLA sick leave for over a year and return to a job with their full benefits restored. And in one case, that I can recall, While working in the job # 10 Health Records position, Clara Clark had hired a temporary employee from a temporary agency, when one of her employees Cherice Henderson a Christiana Care employee went out on FMLA sick leave. The temporary worked in Cherice's job until she returned back work, an this was well over 24 weeks and well over 1 year. And when, Cherice did return to work, she was giving her same job at her same desk.

Another case. Is when I first started working in the Radiology X-Ray Department in the year of 2002, The supervisor Carolyn Stansbury was not there at work, because she was out on FMLA SICK LEAVE for up to 12 months, because she allegedly fell down a flight of stairs at home, and broke her leg. But, when she return back to work in the x-ray department she was given her same job with benefits.

Another case, Linda Hill a X-Ray Radiology Department employee had been out on FMLA SICK LEAVE, and had been out of work at Christiana Care for up to 1 year, when Linda return back to work she was given her same job back in the Radiology department.

In all of these cases, with Cherice Henderson, Carolyn Stansbury, and Linda Hill, all of these employees have went out on FMLA SICK LEAVE for up to 12 months at Christiana Care Health Systems and they all are still remain working employees at Christiana Care Heath Systems, Which, I personally feel is very unfair to treat some employees differently than others.

The Defendant, Christiana Care Health Systems violated the Plaintiff Stephanie Lynn Ford's CONSTITUTIONAL RIGHTS WITHOUT ANY DUE PROCESS OF THE LAW.

Cited Case: Galbraith v. Christiana Care Health Systems, Filed May 25, 2007. Delaware District Court / Presiding Judge Honorable Gregory M. Sleet, Nature Of Lawsuit - Civil Rights, Americans With Disability Act, Employment Discrimination, Race Discrimination.

Cited Case: Zechman v. Christiana Care Health Systems. Filed March 15, 2005, Delaware District Court. Presiding Judge Honorable Farnan Jr. Type Of Lawsuit - Employment, Americans With Disabilities Act.

Cited Case: Hawkskey v. Unum Life Insurance, et al. Filed September 28, 2004, Delaware District Court, Presiding Judge Honorable Jordan. Type Of Lawsuit-Employment / E.R.I.S.A Employment Retirement.

Cited Case: Ryan v. Plummer et al, Filed May 11, 2006 Delaware District Court, Presiding Judge Honorable Robinson, Type Of Lawsuit - Employment Civil Rights Act.

Cited Case: Scott v. Providence Creek Academy et al, Filed July 26, 2007 Delaware District Court Unassigned Judge- Type Of Lawsuit - Employment, Job Discrimination.

I the Plaintiff, Stephanie Lynn Ford am requesting this Honorable Court to Conduct A Full Investigation On Christiana Care Health Systems. Pension Benefits And Retiree Benefits Policies and Procedures, Employment Practices Policies and Procedures, Employment Practices Policies and Procedures and FMLA SICK LEAVE Disability Act Procedures. I am requesting this Honorable Court to Investigate the Claims that I have filed against the defendant Christiana Care Health Systems.

RELIEF : I the Plaintiff Stephanie Lynn
Ford am asking this Honorable Court to Grant the plaintiff's Complaint for $ 1 MILLION
DOLLARS, LOSS WAGES, RETROACTIVE PENSION BENEFITS, RETROACTIVE
MEDICAL RETIREE BENEFITS, COURT COST, AND ATTORNEY FEES.
FOR PUNITIVE DAMAGES, PAIN AND SUFFERING, RACE DISCRIMINATION ,
WRONGFUL TERMINATION, REFUSAL TO REHIRE FOR EMPLOYMENT,
WRONGFUL TERMINATIONOF PENSION BENEFITS, RETIREE BENEFITS,
WROGFUL TERMINATION OF $ 75,000 LIFE INSURANCE POLICY,
TERMINATION OF MEDICAL BENEFITS, AND TERMINATED AND DENIED
LONG TERM DISABILITY BENEFITS.

EXHIBITS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE LYNN FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Consolidated |
| v. | ) Civil Action Nos. |
| | ) 06-301-MPT; 06-458-MPT |
| CHRISTIANA CARE HEALTH | ) |
| SYSTEMS, RICHARD BURTON, | ) |
| and CLARA CLARK, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO REQUEST NO. 7 SET FORTH IN PLAINTIFF'S
## SECOND MOTION FOR EXTENSION OF DISCOVERY CUT-OFF DEADLINE

In accordance with the Court's June 29, 2007 Order directing Defendants to

respond in the form of an interrogatory response to Request No. 7 set forth in Plaintiff

Stephanie Ford's Second Motion for Extension of Discovery Cut-Off Deadline (Docket

No. 70), Defendants, by and through their attorneys, hereby respond as follows.

**REQUEST NO. 7:** Please produce the reason the Plaintiff was denied 29 jobs at

Christiana Care Health Systems.

**RESPONSE:** Defendants object to this request because, in light of the fact that

all of Plaintiff's claims are time-barred and fail as a matter of law for the reasons set forth

in Defendants' Summary Judgment Brief, Docket No. 54, Plaintiff's Request No. 7 seeks

information that is not relevant to the subject matter of this action and not reasonably

calculated to lead to the discovery of admissible evidence. However, subject to and

without waiver of the foregoing objections, Christiana Care states that Plaintiff applied

for 27 positions during the period May 21, 2004 through June 25, 2004. The following is

a list of the 27 positions for which Plaintiff applied and the reasons Plaintiff was not

selected for any of those positions:

| **Position** | **Outcome** |
|---|---|
| 1.  Team Coordinator | Position awarded to candidate more qualified than Plaintiff. |
| 2.  Unit Clerk VI | Position awarded to candidate more qualified than Plaintiff. |
| 3.  Patient Information Rep I | Position canceled – no one was hired. |
| 4.  Patient Care Technician | Position awarded to Christiana Care employee more qualified than Plaintiff. |
| 5.  Lab Receiving Clerk | Position awarded to candidate more qualified than Plaintiff. |
| 6.  Clerk V - Facilities Engineering | Position awarded to candidate more qualified than Plaintiff. |
| 7.  Unit Clerk VI | Position awarded to candidate more qualified than Plaintiff. |
| 8.  Clerk VI - Heart & Vascular Center | Position awarded to Christiana Care employee more qualified than Plaintiff. |
| 9.  Duplicator | Position awarded to Christiana Care employee more qualified than Plaintiff. |
| 10. Health Records Clerk | Position awarded to candidate more qualified than Plaintiff. |
| 11. OR Tech Evenings | Position awarded to candidate more qualified than Plaintiff. |
| 12. Administrative Assistant II | Position awarded to Christiana Care employee more qualified than Plaintiff. |
| 13. Clerk VI – 40D | Position awarded to Christiana Care employee more qualified than Plaintiff. |
| 14. Unit Clerk VI | Position awarded to Christiana Care employee more qualified than Plaintiff. |
| 15. Career Development | Position awarded to candidate more qualified than Plaintiff. |

| | |
|---|---|
| 16. Home Health Assistant | Position awarded to candidate more qualified than Plaintiff. |
| 17. Clerk VI | Position awarded to Christiana Care employee more qualified than Plaintiff. |
| 18. Consignment Assistant | Position awarded to candidate more qualified than Plaintiff. |
| 19. Service Assistant II | Position awarded to candidate more qualified than Plaintiff. |
| 20. Scheduler | Position awarded to Christiana Care employee more qualified than Plaintiff. |
| 21. Home Health Assistant Training Program | Position awarded to candidate more qualified than Plaintiff. |
| 22. Home Health Assistant Training Program | Position awarded to candidate more qualified than Plaintiff. |
| 23. Security Officer | Position awarded to candidate more qualified than Plaintiff. |
| 24. Residency Program Assistant | Position awarded to candidate more qualified than Plaintiff. |
| 25. Collections Specialist | Position canceled – no one was hired. |
| 26. Home Health Assistant | Position canceled – no one was hired. |
| 27. Exercise Technician | Position awarded to candidate more qualified than Plaintiff. |

David H. Williams (DE 616)
James H. McMackin, III (DE 4284)
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
P.O. Box 2306
Wilmington, DE  19899
302.888.6900
dwilliams@morrisjames.com
jmcmackin@morrisjames.com


Michael J. Ossip (admitted pro hac vice)
Thomas S. Bloom (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
215.963.5543

Dated:  July 30, 2007          Attorneys for Defendants

07/30/2007   06:10   HUMAN RESOURCES → 818774329652                NO.900   009

## VERIFICATION

I, Kerry Delgado, hereby verify that I am employed by Christiana Care Health

Services as Director of Employee Relations, and that the facts set forth in the foregoing

Defendants' Response To Request No. 7 Set Forth In Plaintiff's Second Motion For

Extension Of Discovery Cut-Off Deadline are true and correct based upon knowledge

and information provided to and/or obtained by me in the performance of my duties.

Kerry Delgado

5

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE LYNN FORD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CONSOLIDATED |
| | : | Civil Action No. 06-301-*** |
| CHRISTIANA CARE HEALTH SYSTEMS, | : | Civil Action No. 06-458-*** |
| RICHARD BURTON, and CLARA CLARK. | : | |
| | : | |
| Defendants. | : | |

### NOTICE OF SERVICE

I hereby certify that on the 30th day of July, 2007, two (2) copies of

**DEFENDANTS' RESPONSE TO REQUEST NO. 7 SET FORTH IN PLAINTIFF'S**

**SECOND MOTION FOR EXTENSION OF DISCOVERY CUT-OFF DEADLINE** were

served by placing same in the United States Mail, postage prepaid, addressed to the following

counsel of record:

> Stephanie Lynn Ford
> 19 Albany Avenue
> New Castle, DE 19720

David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849

Michael J. Ossip (admitted *pro hac vice*)
Thomas S. Bloom (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5000
fax:  (877) 432.9652

Dated:  July 30, 2007                    Attorneys for Defendants



**CHRISTIANA CARE**
HEALTH SERVICES

4755 Ogletown-Stanton Road
PO Box 6001
Newark, Delaware 19718-6001

302-733-1000

November 17, 2003

Stephanie Ford
19 Albany Ave.
New Castle, DE 19720

RE:    Request for Family/Medical Leave

Dear Stephanie:

On 11/14/03, we were notified of your need to take family/medical (FMLA) for a period of incapacity requiring absence of more than three (3) calendar days from work, school, or other regular daily activities or any subsequent treatment/period of incapacity that also involves either continuing treatment by (or under the supervision of) a healthcare provider or treatment two or more times. You notified us that you need this leave beginning 10/28/03; however your projected return date is not indicated. You are entitled to 12 weeks of leave under the FMLA as outlined below. Therefore, your entitlement and job guarantee will expire on 1/20/04 as calculated from the beginning of this leave.

**12 Week Leave**
Except as explained below, you have a right under the FMLA for up to 12 weeks of unpaid leave in a 12 month period measured backward from the current leave. Also, your health benefits will be maintained during any period of unpaid leave under the same conditions as if you continued to work and you will be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from leave.

**Leave Considerations**
This is to inform you that you are granted the leave under FMLA. The requested leave will be counted against your annual FMLA entitlement. You may elect to use accrued paid leave and disability leave for your illness and paid leave only for personal leave. Disability leave and paid leave hours will only accrue while you are in an active pay status.

**Benefits While on Leave**
If you presently participate in the Christiana Care Benefits Plan, the Human Resources Department will notify you regarding your benefits once you have gone on leave. Full-time employee benefits will continue with no change (see exceptions listed below regarding Health Care Accounts). If you have money deducted for benefits and are in an unpaid status, the amount owed will be deducted from your first pay after your return to work. Part-time and WIN

employees with dependent coverage will have the option to cancel (see exceptions below regarding Health Care Accounts) or continue benefits while on unpaid leave. If you are part-time and choose to continue benefits while in an unpaid status, the money owed will be deducted from your first pay after your return to work. WIN employees who choose to continue dependent coverage will pay monthly premiums. The Human Resources Department will notify you regarding the monthly premium payment.

**Health Care Accounts cannot be canceled.** Employees who want their dependent care account to continue will have those accounts suspended while on <u>unpaid leave</u> and their year-to-date, as well as their projected amount, will be decreased.

### Before Return
Upon completion of an approved medical leave of absence, you will be required to present certification of medical clearance and be cleared by Employee Health Service prior to being restored to employment. If medical examination by the Employee Health Service finds that you are unable to return to the type of job performed prior to leave or if your leave is greater than the 12 weeks entitlement, your position will not be guaranteed. In such situation, please contact the Human Resources Department to apply for a position for which you may qualify.

### Notice of Return
While on leave, you will be required to furnish us with periodic reports every 30 days of your status and intent to return to work. If the circumstances of your leave change and you are able to return to work earlier than the date on your request for leave, you will be required to notify us as soon as possible of the date you intend to report for work.

Please contact Employee Relations with any questions or concerns at 733-1120.


Sincerely,

*Ann O'Neill*

Ann O'Neill
Employee Relations

cc:    Sharon Pietlock



**CHRISTIANA CARE**
HEALTH SERVICES

4755 Ogletown-Stanton Road
PO Box 6001
Newark, Delaware 19718-6001

302-733-1000

January 26, 2004

Stephanie Ford
19 Albany Ave.
New Castle, DE 19720

Dear Stephanie:

I was unable to reach you by phone. I wanted to write to you concerning our leave of absence policy. The Christiana Care's leave of absence policy provides that you would be eligible for reinstatement to your department in a job of similar nature if you return to work within twelve weeks from the effective date of your leave. The policy also provides that if you're medical leave extends beyond twelve weeks; your position can be filled. After twelve weeks, however, you should maintain contact with me on a monthly basis to determine your ability to work and the availability of positions within Christiana Care. If you are cleared to return to work prior to the conclusion of your second 12 weeks, you are no longer eligible for a leave of absence. Therefore, if you are not able to return by **April 13, 2004**, it will be necessary to remove you from payroll. However, I am available to assist you in obtaining placement and answering questions that may come up during this period. You can reach me at (302) 733-1120.

If you are covered by Christiana Care's long term disability plan (LTD), please contact the Benefits Section. Any questions regarding this plan can be directed to Debra Lewis in the Benefits section at 428-5764.

If you have any questions or concerns, please don't hesitate to call me. I sincerely hope that you will be able to return to work soon. Again, please stay in contact with my office at least every thirty days.

Sincerely,

Anthanita Warner
Employee Relations Assistant

Ross M. Ufberg, M.D.
*Medical Director*

**Wilmington**
**Pain & Rehabilitation**
**Center**

Physical Medicine & Rehabilitation
Electromyography
Sports Medicine

5 April 2004

Jeffrey Mack
UNUM Life Insurance Company of America
The Benefits Center
P.O. Box 9500
Portland, ME 04104-5058

> RE:   Ford, Stephanie
> CL#117934
> Policy #530503

Dear Mr. Mack:

I am appalled that your "medical consultants", without even examining Ms. Ford can look at my office notes and determine disability. What is more incredible is that no matter what the circumstances it seems that you believe a two to four weeks recovery period is that which should be typically allowed for an acute sprain/strain injury. My patient, Ms. Ford, was involved in a significant motor vehicle accident on 10/27/03 sustaining over $1400 damage to her vehicle. When I first her on 10/30/03 she demonstrated significant spasm over her cervical musculature and on 11/10/03 still had marked limitation over her cervical and lumbosacral spine range of motion which did not permit her to do her job duties. It is interesting that in the eight pages of your letter, no where do you detail a description of the physical requirements of Ms. Ford's job or even what it is. Ms. Ford's job duties at Christiana Care as an x-ray clerk in the mammography department requires frequent bending and lifting with occasional lifting of heavy x-ray films.

Based on my history and physical examinations, Ms. Ford has been incapable of returning to that work and appropriate disability slips were given. On her most recent visit of 3/29/04, Ms. Ford had significant spasms over her left lumbar paraspinal muscles.

Ms. Ford has been cleared for a trial of return to work with 15 pound lifting restrictions effective 4/13/04. Her period of disability from 10/27/03 through 4/12/04 has

Ford, Stephanie
5 April 2004
page 2


been reasonable, medically, and causally related to her injuries in the motor vehicle
accident of 10/27/03.

    I hope that this information has been helpful.

                          Very truly yours,

                          Ross M. Ufberg, M.D.

RMU:dlb
CC: Medical Records Chart
    Stephanie Ford

4/21 - 4/141

**ST. FRANCIS FAMILY PRACTICE**
**AARON M. ROBINSON, D.O.**
7TH & CLAYTON STREETS
WILMINGTON, DE 19805

(302) 575-8040                    LIC. #: C7-0003036

NAME Stephanie Ford                    AGE

ADDRESS                                DATE 1/24/07

RX ILLEGAL IF NOT SAFETY BLUE BACKGROUND

℞

Ultra Sand of
Ⓡ upper Quadrant.

AttN - Palpable lump
on Ⓡ Flank
Dx: painful palpable lump

Refill _____ times

Substitution Permitted

IN ORDER FOR A BRAND NAME PRODUCT TO BE DISPENSED, THE
PRESCRIBER MUST HAND WRITE "BRAND NECESSARY" OR "BRAND
MEDICALLY NECESSARY" IN THE SPACE BELOW.

6GFP0276241

ST. FRANCIS HOSPITAL                          DEPARTMENT OF
7th & CLAYTON STREETS                         RADIOLOGY
WILMINGTON, DE 19805-0500                     (302) 421-4300

RADIOLOGIC CONSULT

Pt Name: FORD,STEPHANIE L                  MR#:     W2447514
19 ALBANY AVENUE                           ACCT#:   W008746174
NEW CASTLE, DE 19720                       RM/BED:  WRAD
PHONE: (302) 658-6740
DOB:   02/16/1962

DATE OF SVC:   02/02/2007
ATTENDING DR.: Robinson, Aaron D.O.
ORDERING DR.:  Robinson, Aaron D.O.
EXAMS: ABDOMEN,LIMITED 1434616 (76705),
       CHEST/MEDIASTINUM 1434617 (76604)
COPIES TO: Robinson, Aaron D.O.; Ufberg,Ross M.  M.D.~


EXAM REASON: PAIN


READING DR: Steven D. Herman M.D.          SIGNED BY: TALK TECH SCRIPT


REPORT OF FINDINGS

Study: Abdomen ultrasound

History: Painful lump in right flank

Multiple real time images of the upper abdomen demonstrate normal size, shape
and echo texture throughout the liver, with no evidence of parenchymal masses,
cysts or dilated intrahepatic ducts.  The common bile duct is normal in caliber
measuring 4 mm in diameter.  The gallbladder is normal in appearance, with no
evidence of wall thickening, sludge, stones or polyps.  There are no
pericholecystic fluid collections.  There is no ascites.  The pancreas is
normal in size and shape, with no evidence of masses, calcifications or cysts.
The right kidney is normal in size, shape and echo texture, with no evidence of
hydronephrosis, cysts, stones or masses.

Additional images were obtained over the area of a painful superficial lump in
the inferior right chest wall.  There is what looks like an elongated lobule of
fat measuring up to 2.4 x 0.7 x 2.8 cm.  This could represent a lipoma.  This
could also represent a small fat-containing hernia.

**Impression: Normal right upper quadrant.  The painful lump correlates with a
fatty structure consistent with a lipoma or hernia.  CT correlation is
recommended, if indicated.**

Dictated: 02/02/07 1128


                    ---- Electronic Signature on File ----
                       Signed By: Herman,Steven D M.D.

                    Signed Report Printed From PCI

# CHRISTIANA CARE
HEALTH SERVICES

**EMPLOYEE HEALTH SERVICE REFERRAL**

## SECTION I - TO BE COMPLETED FOR ALL REFERRALS BY DEPARTMENT HEAD OR SUPERVISOR (INSTRUCTIONS ON BACK)

| NAME (LAST) | (FIRST) | (M.I.) | DATE | (TO BE COMPLETED BY THE TREATING FACILITY) |
| --- | --- | --- | --- | --- |
| | | | | TIME IN | TIME OUT |

| FACILITY | DEPT/UNIT | SOCIAL SECURITY NUMBER | JOB TITLE | DATE OF BIRTH | HOME PHONE: |
| --- | --- | --- | --- | --- | --- |

### MEDICAL AUTHORIZATION:

I understand that Christiana Care maintains information in paper and electronic form.
I authorize EHS to access Christiana Care's information pertinent to my care

| SYMPTOM OR PROBLEM: | EMPLOYEE SIGNATURE |
| --- | --- |
| ☐ OCCUPATIONAL INJURY/ILLNESS - COMPLETE BELOW | AUTHORIZE SIGNATURE/SUPERVISOR OR MANAGER: |
| ☐ NON OCCUPATIONAL INJURY ILLNESS | |

| ACCIDENT OCCURRED | HOSPITAL/SITE | DEPT / UNIT | DATE OF INJURY | HOUR OF DAY | MACHINE, TOOL OR OBJECT CAUSING INJURY / ILLNESS |
| --- | --- | --- | --- | --- | --- |

| THIS SECTION IS REQUIRED FOR OCCUPATIONAL INJURIES | LOCATION WHERE INJURY OCCURRED | DATE SUPERVISOR NOTIFIED | SUPERVISOR'S NAME | PHONE: |
| --- | --- | --- | --- | --- |

| FULL DESCRIPTION OF INJURY (DESCRIBE EXACTLY WHAT HAPPENED IN ORDER OF EVENTS AND WHY IT HAPPENED. INDICATE APPARENT INJURY AND CONDITION OF EQUIPMENT OR APPAREL WHERE SIGNIFICANT) | WITNESS: |
| --- | --- |

## SECTION II - TO BE COMPLETED BY PHYSICIAN AND/OR NURSE

**DISPOSITION:**

☒ CLEARED FOR WORK ☒ RESTRICTIONS: _15 lb lifting restriction_

☐ SEND HOME

☐ REMAIN ON DUTY

| 2. STATUS |
| --- |
| ☒ OCCUPATIONAL INJURY/ ILLNESS   ☒ NON-OCCUPATIONAL INJURY/ILLNESS |
| ☐ REVIEW: (Reason) |

REFERRED TO: _____ APPT: _____ PROVIDER: _____

| RETURN VISIT DATE | RTW DATE |
| --- | --- |
| | 4-13-04 |



**CHRISTIANA CARE**
HEALTH SERVICES

4755 Ogletown-Stanton Road
PO Box 6001
Newark, Delaware 19718-6001

302-733-1000

April 19, 2004

Stephanie Ford
19 Albany Ave.
New Castle, DE 19720

Dear Stephanie:

As a follow-up to our telephone conversation this morning, I am writing to you concerning your current leave of absences. Christiana Care's leave of absence policy provides a twenty-four week maximum for leave of absence in a 12 month period for medical reasons. You have reached this twenty-four week limit as of **04/13/04,** therefore it will be necessary to remove you from Christiana Care's payroll effective this date.

If you are covered under Christiana care's long term disability plan, you should contact Debra Lewis at 428-5764 so that paperwork can be forwarded to you to apply for this benefit. Your removal from payroll will have no effect on any benefit you may qualify for under the disability plan. Following your termination from payroll, you will receive a notice which outlines your right to convert life insurance and to continue health and dental coverage and the rate you will be required to pay to maintain coverage. If you have any questions about benefit coverage, please contact Benefits at 428-5794.

If you receive clearance in the near future to return to work, you are welcome to re-apply for a position through the Employment Section of the Human Resources department. The Employment Section will attempt to place you based upon your qualifications in light of available vacancies. If it is possible to place you in a position at a later date, you may be entitled to have prior full time service restored. To discuss this, please contact me at 733-1120.

On behalf of Christiana Care, I would like to thank you for your years for service to Christiana Care Health Services. We are sorry that you are not able to continue work at this time.

Please do not hesitate to contact me with any additional questions.

Sincerely,

Anthanita Warner
Employee Relations Assistant

**CHRISTIANA CARE**
HEALTH SERVICES

501 West 14th Street
PO Box 1668
Wilmington, Delaware 19899-1668

MAY 04, 2004

S L FORD 302-733-1000

19 ALBANY AVENUE
NEW CASTLE        DE 19720

RE: HEALTH/DENTAL COVERAGE-COBRA
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   - TERM

Dear STEPHANIE    :

Your health and/or dental coverage with Christiana Care terminates(d)
effective 05/01/04. You may continue this coverage for up to 18 months
under COBRA by self payment of the monthly premium.

To participate you must:
     -Complete the "Statement of Understanding"
     -Complete Medical application and/or Dental application(s)
     -Return completed forms along with your check for the
      appropriate monthly premium within sixty (60) days from 05/01/04.
      The continued coverage MUST BE RETROACTIVE to 05/01/04.

Your coverage at the time of termination was:
     Medical - Plan: A
                Coverage: SINGLE                    $    289.52
     Dental -  Plan: B
                Coverage: SINGLE                         36.47
                     Total Monthly COBRA Payment: $     325.99

After you have completed the necessary forms and your premium check is
received, your coverage will be reactivated. YOU WILL NOT BE BILLED
MONTHLY. YOU ARE RESPONSIBLE FOR SENDING YOUR MONTHLY PAYMENT POSTMARKED
BY THE 10th OF EACH MONTH TO: BENEFITS/RECORDS - COBRA, WILMINGTON
HOSPITAL, P.O. BOX 1668, WILM., DE 19885-9320. ANY PAYMENT POSTMARKED
LATER THAN THE 10th OF THE MONTH WILL BE RETURNED TO YOU AND YOUR
COVERAGE TERMINATED.

FAILURE TO RESPOND TO THIS NOTICE OR COMPLY WITH THE TERMS SET FORTH
WILL RESULT IN THE RETROACTIVE TERMINATION OF YOUR HEALTH/DENTAL
BENEFITS. Please maintain this copy for your records.

If you have any questions, please contact Elaine Paul in the
Benefits/Records Section (302) 428-5717 or 428-5794.

                              William E. MacDonald
                              Benefits Manager

FORM:CA



CHRISTIANA CARE

PO Box 1668
Wilmington, Delaware 19899-1668

302-733-1000

May 11, 2004

Stephanie Ford
19 Albany Ave.
NewCastle, DE  19720

Dear Stephanie:

We have concluded our recruit for the Clerk VI - FT 80D position in  15945 -
Perioperative Eval/Prep CH.

Our interviewing has concluded and we have selected another individual for the position.
The person selected had the skills and background best suited to the particular needs of
this position.

Thank you for your interest in this position.  We will keep your application information
on our database and we encourage you to visit our web site at www.christianacare.org for
future opportunities.  You can conveniently update your application, listing new skills,
education, training and work experience 24 hours a day from your home computer.

Sincerely,

RB

Richard Burton
Professional Recruiter

# CHRISTIANA CARE

PO Box 1668
Wilmington, Delaware 19899-1668

302-733-1000

May 14, 2004

Stephanie Ford
19 Albany Ave.
NewCastle, DE 19720

Dear Stephanie:

We have concluded our recruit for the Unit Clerk VI position in 28575 - Christiana Heart Center Unit.

Our interviewing has concluded and we have selected another individual for the position. The person selected had the skills and background best suited to the particular needs of this position.

Thank you for your interest in this position. We will keep your application information on our database and we encourage you to visit our web site at www.christianacare.org for future opportunities. You can conveniently update your application, listing new skills, education, training and work experience 24 hours a day from your home computer.

Sincerely,

Richard Burton
Professional Recruiter



CHRISTIANA CARE

PO Box 1668
Wilmington, Delaware 19899-1668

302-733-1000

May 27, 2004

Stephanie Ford
19 Albany Ave.
NewCastle, DE  19720

Dear Stephanie,

This is to acknowledge receipt of your request for transfer to the position of Unit Clerk
VI - Hemodialysis Unit ~ 80 D - Grade 6 in 26805 - Hemodialysis Department .

Thank you for your interest in this position. At this time, however, the job has been
rescinded by management decision and no one was selected.

Please feel free to apply again for future positions that seem to match your career goals.

Sincerely,

Gretchen Kaufman
Professional Recruiter

CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES
THAT COPIES OF THE FOREGOING
WHERE CAUSED TO BE SERVED
THIS 4 DAY SEPTEMBER 2007
UPON THE FOLLOWING IN THE
MANNER INDICATED:

U. S. CERIFIED MAIL

MORGAN, LEWIS & BOCKIUS LLP
MORRIS JAMES LLP
DAVID H. WILLIAMS (# 616)
JAMES H. MCMACKIN, III (#4284)
THOMAS S. BLOOM
1701 MARKET STREET
PHILADELPHIA PA 19103

℣JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| STEPHANIE LYNN FORD PRO-SE | CHRISTIANA CARE HEALTH SYSTEMS |

**(b)** County of Residence of First Listed Plaintiff  NEWCASTLE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  NEWCASTLE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known) MORGAN, LEWIS & BOCKRIUS LLP
MR. DAVID H. WILLIAMS, THOMAS SPEDDON,
MICHAEL J. OSSIP
1701 MARKET STREET PHILADELPHIA, PA 19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizures | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☒ 470 Racketeer Influenced and |
| ☒ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
CLASS ACTION
Brief description of cause:
CIVIL RIGHTS, RACE DISCRIMINATION, EMPLOYMENT DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** $1 MILLION

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE (MPT) (KAT)
DOCKET NUMBER 06-301(MPT) 05-105(KAJ)
06-458(MPT)

DATE 9/4/07

SIGNATURE OF ATTORNEY OF RECORD
Stephanie L. Ford PRO-SE

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ ⁻ 0 7 ⁻ 5 2 9 ⁻

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

_9/4/09_
(Date forms issued)

x  ~Stephanie P. Ful~
(Signature of Party or their Representative)

x  ~Stephanie L. Ford~
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action