IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE LYNN FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-529 |
| | ) | |
| CHRISTIANA CARE HEALTH SYSTEMS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
P.O. Box 2306
Wilmington, DE 19899
302.888.6900/5849

Michael J. Ossip
Yordanos Teferi
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5761

Dated: October 16, 2007

Attorneys for Defendant
Christiana Care Health Systems

## TABLE OF CONTENTS

**Page**

I. BACKGROUND ...................................................................................................................1

II. ARGUMENT........................................................................................................................2

    A. Standard of Review................................................................................................2

    B. The Complaint Should Be Dismissed Because Plaintifff Asserted Nearly Identical Claims in a Suit Pending Before This Court .................................................................................................................3

    C. For the Reasons Set Forth in Christiana Care's Motion for Summary Judgment in Plaintiff's Previous Lawsuits, Plaintiff's Claims Fail As A Matter of Law ...........................................................................................4

III. CONCLUSION.....................................................................................................................4

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

Boag v. MacDougall,
454 U.S. 364 (1982)..................................................................................................2

In re Burlington Coat Factory Securities Litig.,
114 F.3d 1410 (3d Cir. 1997).....................................................................................2

Glassman v. Computervision Corp.,
90 F.3d 617 (1st Cir. 1996)........................................................................................3

Haines v. Kerner,
404 U.S. 519 (1972)..................................................................................................2

Hishon v. King & Spalding,
467 U.S. 69 (1984)....................................................................................................2

Kost v. Kozakiewicz,
1 F.3d 176 (3d Cir. 1993)..........................................................................................2

Nat'l R. Passenger Corp. v. Morgan,
536 U.S. 101 (2002)..................................................................................................3

Oliney v. Gardner, et al.,
771 F.2d 856 (5th Cir. 1985) .................................................................................3, 4

Panhandle E. Pipe Line Co. v. Utilicorp United Inc.,
928 F. Supp. 466 (D. Del. 1996)................................................................................2

In re Rockefeller Ctr. Props., Inc. Sec. Litig.,
311 F.3d 198 (3d Cir. 2002).......................................................................................2

Spindler v. Se. Pa. Transp. Auth.,
47 F. App'x 92 (3d Cir. Sept. 13, 2002).....................................................................4

Walton v. Eaton Corp.,
563 F.2d 66 (3d Cir. 1977)....................................................................................3, 4

Woodson v. Scott Paper Co.,
109 F.3d 913 (3d Cir. 1997).......................................................................................4

## FEDERAL STATUTES

42 U.S.C. § 2000e5(e)(1)......................................................................................................3

I.   **BACKGROUND**

This is the third Complaint that Plaintiff Stephanie Lynn Ford ("Plaintiff" or "Ms. Ford") has brought against Christiana Care Health Systems ("Christiana Care") arising out of her employment.  In her latest Complaint, Plaintiff has once again brought claims that are virtually identical to claims she has raised in her two other lawsuits, Civil Action Nos. 06-301-MPT and 06-458-MPT (hereinafter "Plaintiff's previous lawsuits"). Plaintiff's two previous lawsuits have been consolidated and are pending before the Hon. Magistrate Judge Thynge.

Although it is hard to decipher, it appears that in her latest Complaint, Plaintiff is once again asserting claims related to the termination of her employment and its effect on her alleged right to receive certain pension and other benefits.  Compl. ¶ 9.  Plaintiff also once again alleges that, subsequent to her termination, she applied for various positions at Christiana Care for which she was not hired.  Id.  Furthermore, Plaintiff alleges that she was discriminated against based on her race and that the termination of her employment violated the Family and Medical Leave Act ("FMLA").  Compl. ¶¶ 1, 9.  Moreover, Plaintiff's Complaint also purports to assert claims under the "Fair Employment Practice Standards Act", "Employment Rights Act", neither of which exists.  Compl. ¶ 9.  Further demonstrating the connection between Plaintiff's latest Complaint and her previous lawsuit, Plaintiff goes so far as to attach as exhibits to her Complaint one of Christiana Care's interrogatory responses in the previous lawsuit relating to Plaintiff's job-seeking efforts, as well as other documents produced in connection with her previous lawsuits.

Discovery has been completed in connection with Plaintiff's previous lawsuits and Christiana Care's Motion for Summary Judgment with respect to Plaintiff's claims in

those lawsuits has been fully briefed and is pending decision. As was set forth in Christiana Care's Motion for Summary Judgment and supporting Brief, both of which are incorporated herein for purposes of judicial economy, Plaintiff has no claims as a matter of law under any of the statutes under which she purports, yet again, to proceed in her latest lawsuit.

II. ARGUMENT

    A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal of a complaint if it fails to state a claim on which relief can be granted. The purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of the case, but instead to test the sufficiency of a complaint. Panhandle E. Pipe Line Co. v. Utilicorp United Inc., 928 F. Supp. 466, 469-70 (D. Del. 1996) (citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)). A motion to dismiss will be granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A court must accept all well-pleaded factual assertions in the complaint as true, and draw all inferences in favor of the plaintiff. Id. Where, as here, the plaintiff appears *pro se*, her pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519 (1972), and must be liberally construed. Boag v. MacDougall, 454 U.S. 364, 365 (1982). Nonetheless, a plaintiff's "legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002); In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997) (noting

2

that a court need not credit a complaint's "bald assertions" or "legal conclusions") (quoting <u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 628 (1st Cir. 1996)).

B.  **The Complaint Should Be Dismissed Because Plaintiff Asserted Nearly Identical Claims in a Suit Pending Before this Court.**

Although it is hard to decipher, it is apparent that Plaintiff's latest Complaint purports to raise claims that are virtually identical to those she has raised in her previous two suits. However, it is well-settled that Plaintiff "'[has] no right to maintain two separate actions involving the same subject matter at the same time and against the same defendant[s].'" <u>Oliney v. Gardner, et al.</u>, 771 F. 2d 856, 859 (5th Cir. 1985) (quoting <u>Walton v. Eaton Corp.</u>, 563 F. 2d 66, 70 (3d Cir. 1977)).

Here, as she has done twice before, Plaintiff vaguely alleges claims relating to the termination of her employment, Christiana Care's failure to rehire her, and alleged deprivation of certain benefits. As she has done twice before, she alleges in her latest Complaint that her employment was terminated in violation of the FMLA, her termination affected her right to receive certain pension and other benefits, and that subsequent to her termination, Defendant did not select her for various positions for which she applied, all allegedly in violation of the FMLA and ERISA. Plaintiff also appears to be asserting, as she has done in the past, a claim of race discrimination.[1]

---

[1] In her Complaints in her two previous lawsuits, Plaintiff did not explicitly assert a claim of race discrimination. However, as is discussed in Christiana Care's Motion for Summary Judgment in the previous lawsuits, Plaintiff belatedly attempted to base such a claim in a "case dispositive motion" in that case. As was set forth in Christiana Care's Motion for Summary Judgment, however, Plaintiff is legally precluded from asserting a claim of race discrimination because she never filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") or the Delaware Department of Labor ("DDOL"). 42 U.S.C. § 2000e5(e)(1); <u>Nat'l R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 104 (2002). Under

3

Given these facts, it is clear that Plaintiff's Complaint should be dismissed. Oliney, 771 F. 2d at 856 ("When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed.") (citing Walton 563 F. 2d at 70).

   C.   **For the Reasons Set Forth in Christiana Care's Motion for Summary Judgment in Plaintiff's Previous Lawsuits, Plaintiff's Claims Fail As A Matter of Law.**

As noted above, the claims that Plaintiff purports to raise in her latest Complaint have already been the subject of two previous lawsuits. Discovery has been completed in those lawsuits, and Christiana Care's Motion for Summary Judgment has been fully briefed and is pending a decision by the Court. In the interest of judicial economy, Christiana Care will not repeat in this Brief the arguments it has made and the authorities upon which it relies with respect to Plaintiff's claims. Instead, it respectfully refers the Court to those arguments and authorities, which demonstrate that Plaintiff's claims for race discrimination, wrongful termination, failure to rehire, and denial of benefits all fail as a matter of law.

III.  **CONCLUSION**

The Court should dismiss Plaintiff's latest Complaint because of the pendency of her two other lawsuits, in which she has asserted virtually identical claims, and for the

---

both federal and state employment discrimination law, an aggrieved employee must exhaust statutorily required administrative remedies prior to filing any lawsuit. Spindler v. Se. Pa. Transp. Auth., 47 F. App'x 92 (3d Cir. Sept. 13, 2002) Woodson v. Scott Paper Co., 109 F.3d 913, 926 (3d Cir. 1997) cert. denied, 522 U.S. 914 (1997). Accordingly, Plaintiff's race discrimination claim also fails.

4

reasons set forth in Christiana Care's pending Motion for Summary Judgment with respect to Plaintiff's previous lawsuits.

        Respectfully submitted,

        /s/ David H. Williams
        David H. Williams (#616)
        dwilliams@morrisjames.com
        James H. McMackin, III (#4284)
        jmcmackin@morrisjames.com
        MORRIS JAMES LLP
        500 Delaware Ave., Suite 1500
        P.O. Box 2306
        Wilmington, DE  19899
        302.888.6900/5849

        Michael J. Ossip
        Yordanos Teferi
        MORGAN, LEWIS & BOCKIUS LLP
        1701 Market Street
        Philadelphia, PA  19103
        215.963.5761

Dated: October 16, 2007        Attorneys for Defendant
        Christiana Care Health Systems

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE LYNN FORD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-529 |
| | : | |
| CHRISTIANA CARE HEALTH SYSTEMS, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on October 16, 2007, I electronically filed the attached **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using CM/ECF, and that I have mailed by United States Postal Service the document to the following non-registered participant:

Stephanie Lynn Ford
19 Albany Avenue
New Castle, DE 19720

_____
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849

                                      Michael J. Ossip  
                                      Yordanos Teferi  
                                      MORGAN, LEWIS & BOCKIUS LLP  
                                      1701 Market Street  
                                      Philadelphia, PA  19103  
                                      (215) 963-5761/5542  

Dated:  October 16, 2007       Attorneys for Defendants

JYM/011747-0043/1624167/1